UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANTONIO GONZALEZ,                                                       :
                                                                        :
                               Movant,                                  :    12-CR-702 (JMF); 21-CV-324 (JMF)
                                                                        :
               -v-                                                      :
                                                                        :    MEMORANDUM OPINION
UNITED STATES OF AMERICA,                                               :    AND ORDER
                                                                        :
                               Respondent.                              :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Antonio Gonzalez, who was convicted of child pornography offenses following a guilty plea and sentenced to 180 months' imprisonment, moves, without counsel, to "vacate, set aside, or correct" his sentence pursuant to 28 U.S.C. § 2255.  *See* ECF No. 35 ("Mem."), 39 ("Supp. Mem.").[1]  He argues that his counsel was constitutionally ineffective in various ways and that prosecutors in a related state-court proceeding that predated this federal prosecution failed to disclose exculpatory evidence.  For the reasons that follow, Gonzalez's motion is denied in full.

## BACKGROUND

      The relevant facts can be recounted briefly.  On July 28, 2008, Gonzalez was arrested by the New York City Police Department ("NYPD") after a twelve-year-old girl reported that he had raped her the previous night.  *See* Pre-Sentence Investigation Report ("PSR") ¶ 8.  At the time of Gonzalez's arrest, the NYPD executed a search warrant of Gonzalez's residence and seized various digital media, including hard drives, compact disks, cellular telephones, and a laptop.  *Id.*  Two years later, after the victim refused to cooperate and the state charges were

---

[1]    Unless otherwise noted, all record citations are to Docket No. 12-CR-702 (JMF).

dropped, that evidence was provided to the Federal Bureau of Investigation ("FBI"). *Id.* ¶¶ 8-9 & n.1. The FBI, in turn, obtained a search warrant to review the media and identified child pornography. *Id.* ¶ 9. According to the PSR, approximately seventy-five images and thirty-one videos were recovered from Gonzalez's computer and telephone, including images of minor-aged and prepubescent girls between the ages of nine and sixteen engaged in simulated and actual sex acts, including oral and vaginal sex with adult males. *Id.* ¶¶ 10, 13.

On September 13, 2012, Gonzalez was indicted on one count of possession of child pornography. ECF No. 5. On April 18, 2013, represented by the Federal Defenders of New York, Gonzalez waived indictment and pleaded guilty, pursuant to a plea agreement (the "Plea Agreement"), to a two-count superseding information charging him with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A)-(B) and (b)(1). ECF Nos. 12-13. In the Plea Agreement, Gonzalez stipulated to a Sentencing Guidelines range of 97 to 121 months' imprisonment. ECF No. 42-1 ("Plea Agmt."), at 4. Gonzalez acknowledged, among other things, that he had "decided to plead guilty because he [was] in fact guilty" and that he was waiving "any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 383 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that [had] not already been produced as of the date of the signing" of the Plea Agreement." *Id.* at 6.

In connection with the change-of-plea proceeding, Gonzalez and his counsel signed an "Advice of Rights" form acknowledging that Gonzalez understood the rights that he was giving

up by pleading guilty. *See* ECF No. 42-2. Among other things, Gonzalez acknowledged in the form that he understood the nature of the charges; that his decision to plead guilty was "freely and voluntarily made"; that he was pleading guilty "because after discussing the case with [his] lawyer [he] believe[d he was] guilty"; that he was "satisfied with how [his] lawyer represented [him]"; that he had had "a full opportunity to discuss with [his] lawyer whether there [was] a basis to seek suppression or some or all of the evidence"; and that he understood "that, by pleading guilty, [he was] giving up the right to seek suppression of any of the evidence." *Id.* at 1-2. At the plea proceeding itself, the Court confirmed that Gonzalez had an opportunity to discuss his plea with counsel and that he was satisfied with his legal representation. ECF No. 15 ("Plea Tr."), at 6. Gonzalez further acknowledged that there would "be no appeal with respect to whether the government could or could not use the evidence it has against [him], or with respect to whether [he] did or did not commit the offenses charged in the superseding information." *Id.* at 11-12. At the conclusion of the proceeding, the Court accepted Gonzalez's plea, noting that it was "satisfied that [he knew] of [his] rights, including [his] right to go to trial, and that [he was] aware of the consequences of [his] plea, including the sentence that could be imposed, and because . . . [he was] knowingly and voluntarily pleading guilty." *Id.* at 27.

On October 3, 2013, Gonzalez appeared for sentencing. *See* ECF No. 24 ("Sent. Tr."). To the extent relevant here, the Court first concluded that an upward departure was warranted, pursuant to U.S.S.G. § 4A1.3(a), on the ground that Gonzalez's criminal history category substantially under-represented the seriousness of his criminal history or the likelihood of recidivism. *Id.* at 30-31. In particular, the Court concluded that an incident in or about 2005 (involving the videotaping of a minor in sexually compromising positions) that was never charged because of the relevant statute of limitations qualified as "[p]rior similar adult criminal

3

conduct not resulting in a criminal conviction" under U.S.S.G. § 4A1.3(a)(2)(E). Sent. Tr. 22-23, 30-31. With the upward departure, the Court calculated Gonzalez's Sentencing Guidelines range to be 135 to 168 months' imprisonment. *Id.* at 31. But based on an evaluation of the factors set forth in 18 U.S.C. § 3553(a), the Court found that a sentence above that range was warranted. In particular, the Court noted that Gonzalez had actually engaged in the manufacturing of child pornography, "sexually abusing the most vulnerable members of our society, and . . . [doing] so in an absolutely despicable way, by plying them with drugs and alcohol." Sent. Tr. 33. The Court also noted Gonzalez's complete lack of remorse or sympathy for his victims and concluded that the risk of recidivism was "extraordinarily high." *Id.* at 33-34. On the basis of these and other considerations, the Court sentenced Gonzalez to 120 months on Count One and 180 months on Court Two, to run concurrently, followed by ten years of supervised release. *Id.* at 37. Gonzalez appealed his sentence and, on November 7, 2014, the Second Circuit affirmed by summary order. *See United States v. Gonzalez*, 582 F. App'x 48, 49 (2d Cir. 2014) (summary order) (ECF No. 30).[2]

## DISCUSSION

Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Section 2255 requires a hearing unless the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). Thus, no hearing is required where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United*

---

[2] For reasons that are not relevant here, the Second Circuit reissued its mandate on January 24, 2020. ECF No. 32. In light of that, the Government does not dispute that Gonzalez's motion is timely.

4

*States*, 368 U.S. 487, 495 (1962); *see also, e.g.*, *Mejia v. United States*, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A defendant's bare allegations in a 2255 petition cannot overcome his contrary statements under oath during a plea allocution . . . ."). To warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

Here, most of Gonzalez's claims are for ineffective assistance of counsel. In particular, he argues that counsel (1) failed to inform him of the "true nature" of the charges and the consequences of a guilty plea, Supp. Mem. 3-7; (2) should have filed a motion to retain a computer forensics expert, *see* Mem. 3; (3) should have filed a motion to withdraw his guilty plea and for a *Franks* hearing following receipt of the Pre-Sentence Report and Government's sentencing memorandum, which — Gonzalez claims — demonstrated that the Government had not found "any evidence of nude photographic images of complainants 1 and 2," *id.* at 8; (4) failed to properly investigate his case to identify potential defenses, *see id.* at 21; and (5) should have filed a motion to dismiss the indictment as "multiplicitous," Supp. Mem. 2.[3] In addition, he contends that he is entitled to relief because state prosecutors failed to disclose exculpatory evidence. Mem. 12-18. The Court will address each claim in turn.

### A. Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance claim, Gonzalez must prove that (1) counsel's performance was deficient and (2) there was prejudice resulting from that deficient performance. *Gueits v. Kirkpatrick*, 612 F.3d 118, 122 (2d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the first prong of that test, he must show that "counsel made

---

[3] References to page numbers in Gonzalez's initial memorandum are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

errors *so serious* that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687 (emphasis added). In evaluating counsel's performance, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This requires that the petitioner show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Where, as here, a petitioner claims that his attorney's deficient performance induced him to plead guilty, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Applying these standards, the Court has little trouble denying Gonzalez's motion.

First, Gonzalez's claim that counsel failed to inform him of the "true nature" of the charges and the consequences of his guilty plea is belied by his written Advice of Rights form and his sworn testimony during the plea proceeding. It is well established that "[a] court can reject bald accusations of ineffective assistance of counsel that contradict a § 2255 movant's sworn statements at the plea allocution." *United States v. Graham*, No. 14-CR-500-1 (NSR), 2022 WL 375233, at *4 (S.D.N.Y. Feb. 8, 2022) (internal quotation marks omitted); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ."); *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (stating that testimony in a plea allocution "carries . . . a strong presumption of accuracy" and that district courts do not, "absent a substantial reason to find otherwise, abuse

[their] discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made"). That is the case here. In a detailed plea allocution, Gonzalez affirmed under oath that he understood the charges to which he was pleading guilty and each of the rights that he would give up by pleading guilty; that he had discussed the same with his counsel; and that he was satisfied with his counsel's representation. *See* Plea Tr. 5-6, 8-19. In the face of these sworn statements, his current allegations are insufficient.

Gonzalez's next three claims of ineffective assistance — that counsel should have filed a motion to retain a computer forensics expert, should have filed a motion to withdraw his guilty plea and for a *Franks* hearing, and failed to properly investigate his case — can be swiftly rejected because all are based on a misunderstanding of the charges to which he pleaded guilty. For instance, Gonzalez suggests that a computer forensics expert could somehow have demonstrated that he and one of his victims engaged in "consensual sexual activity," that a victim "lied" about recalling photographs being taken of her, and that a victim arrived at his apartment with her own marijuana rather than receiving marijuana from him. Mem. 5-7. Along similar lines, he claims that counsel should have moved to withdraw his plea and for a *Franks* hearing because the Government's sentencing submission revealed that the Government "had not found any evidence of nude photographic images of complainants 1 and 2." *Id.* at 8. And finally, Gonzalez asserts that, had counsel conducted a proper investigation, he "would have uncovered," for example, that Gonzalez "did not have possession of alcohol and marijuana"; "did not supply marijuana or alcohol to partygoers"; and "that sexual contact was consensual and initiated by female members." *Id.* at 21-22. Putting aside the astonishing nature of these conclusory assertions — namely, that sexual contact between a forty-something man and minor girls could be "consensual" — they miss the point because Gonzalez pleaded guilty to receipt

7

and possession of child pornography, not to sexual assault.

Gonzalez's final claim — that counsel was deficient for failing to move to dismiss the indictment on "multiplicity" grounds — is similarly meritless. "'Multiplicity' occurs when a single offense is charged as several counts in a criminal indictment." *United States v. Polizzi*, 257 F.R.D. 33, 36 (E.D.N.Y. 2009). But a brief glance at the superseding information makes plain that the two counts of the superseding information were not multiplicitous. Count One charged Gonzalez with possession of child pornography in 2012 based on images that were found on his cellphone, including sexually explicit images of an identified thirteen-year-old victim. *See* ECF No. 13, at 1; PSR ¶ 12. By contrast, Count Two charged Gonzalez with receipt of child pornography in 2008 after a search of his computer revealed that he had received images through a peer-to-peer network that is used for distributing and receiving child pornography via the Internet. *See* ECF No. 13, at 2; PSR ¶¶ 9-10. Whether or not charging receipt of child pornography and possession of child pornography separately would be multiplicitous under other circumstances, it plainly was not here where, among other things, the relevant conduct occurred four years apart and involved different victims.

**B. State Prosecutorial Misconduct Claims**

Gonzalez's final argument is that his conviction must be vacated because of prosecutorial misconduct and *Brady* violations committed by the Bronx District Attorney's office. Mem. 12-18. This argument is meritless for several reasons. First, Gonzalez fails to explain how the alleged misconduct of *state* prosecutors invalidates his *federal* prosecution. Second, Gonzalez presents no evidence "supporting his conclusory assertion that [the prosecutors'] alleged violation of [their] disclosure obligations under *Brady* rendered his guilty plea invalid." *Phillip v. United States*, 804 F. App'x 91, 93 (2d Cir. 2020) (summary order). Third, in his plea

agreement, Gonzalez explicitly waived his right to challenge his conviction on *Brady* grounds. *See* Plea Agmt. 6; *see also, e.g.*, *Mattera v. United States*, No. 12-CR-127 (RJS), 2020 WL 774103, at *3 (S.D.N.Y. Feb. 18, 2020). And finally, to the extent that Gonzalez's argument is that the state authorities unlawfully searched his computers and that that unlawful search somehow tainted the later search by the FBI, that argument was waived by his guilty plea and may not be raised collaterally. *See, e.g.*, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that, once a defendant pleads guilty in open court, he may not "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" because the plea "represents a break in the chain of events which has preceded it in the criminal process"); *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings.").

## CONCLUSION

The Court has reviewed all of Gonzalez's remaining arguments and finds them to be without merit. Accordingly, and for reasons set forth above, Gonzalez's motion is DENIED in its entirety as meritless and without the need for an evidentiary hearing.

Because Gonzalez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). Furthermore, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate 12-CR-702, ECF Nos. 35 and 39; to close 21-CV-3234; and to mail a copy of this Memorandum Opinion and Order to Gonzalez at the

following address: Reg. No. 67273-054, FCI Loretto, P.O. Box 1000, Cresson, PA 16630.

SO ORDERED.

Dated: April 20, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge